IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                  CR No. 19-1331 KG

ARTURO GOMEZ-VEGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Arturo Gomez-Vega's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Motion) (Doc. 51) and the United States' Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Response) (Doc. 52). The matter is now fully and timely briefed for the Court's consideration. After review of the briefing and the relevant law, the Court denies Mr. Gomez-Vega's Motion (Doc. 51) without prejudice.

    *I. Background*

On May 9, 2019, Mr. Gomez-Vega pled guilty to one count of conspiracy, one count of distribution of 100 grams and more of heroin, one count of possession with intent to distribute methamphetamine and heroin, and one count of felon in possession of a firearm and ammunition. (Doc. 29) at 1-2 (citing 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), (b)(1)(C), and 18 U.S.C. § 922(g)(1)); (Doc. 33). On December 17, 2019, the Court sentenced Mr. Gomez-Vega to 72 months imprisonment followed by four years of supervised release. (Doc. 42) at 2-3. Mr. Gomez-Vega is currently serving his sentence at FCI Big Spring and is projected to be released from custody in April 2024. (Doc. 51) at 12; (Doc. 52) at 21.

On May 3, 2021, Mr. Gomez-Vega filed the instant Motion, requesting compassionate release due to the COVID-19 pandemic. (Doc. 51). Specifically, Mr. Gomez-Vega explains that he suffers from COPD, hypertension, Parkinson's disease, hernias, and arthritis. *Id.* at 2. In addition, Mr. Gomez-Vega argues that 18 U.S.C. § 3553(a) supports a sentence reduction to time-served. *Id.* at 12. The United States opposes Mr. Gomez-Vega's request for relief. (Doc. 52).

*II. Discussion*

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. Before reaching the merits evaluated in this three-part test, the Court begins with the threshold issue of whether Mr. Gomez-Vega exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to Section 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for

Implementation of 18 U.S.C. § 3582(c)(1)(A)).  Specifically, after an initial denial by the warden, a petitioner "may appeal … through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B).  28 C.F.R. § 571.63(a).  Only after the petitioner's request is denied by the General Counsel or the Director of the BOP does the denial "constitute[] a final administrative decision."  28 C.F.R. § 571.63(b)-(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel).  Alternatively, if thirty days lapse from receipt of the request by the warden with no response, a district court is empowered to consider the Section 3582(c)(1)(A) motion.  18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Gomez-Vega alleges that he "exhausted administrative avenues for compassionate release" in "September 2020; again in October 2020; and November 2020." (Doc. 51) at 4.  However, Mr. Gomez-Vega does not cite any evidence of these alleged attempts or otherwise provide a record for the Court's examination and review.  *See* (Doc. 51); *see also* (Doc. 52) at 2-3 (arguing exhaustion unsatisfied).  Importantly, "[t]he submission of a sufficient record to show exhaustion … is fundamental to this Court's function in deciding a compassionate release motion."  *United States v. Little*, 2020 WL 2736944, at *2 (D.N.M.) (Gonzales, J.) (citing *United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y.)).

Moreover, the Tenth Circuit recently affirmed that Section 3582's exhaustion requirement is "a mandatory claim-processing rule."  *United States v. Avalos*, 2021 WL 1921847, at *2, n. 2 (10th Cir. 2021).  As a result, administrative exhaustion is not judicially waivable.  *United States v. Johnson*, 2021 WL 1053706, *2 (10th Cir. 2021).  Thus, because the United States raised the issue of exhaustion, this Court lacks authority to waive Mr. Gomez-Vega's compliance under the Tenth Circuit's recent interpretation of Section 3582.  *See id.* (explaining that because petitioner "failed to demonstrate that []he satisfied § 3582(c)(1)(A)'s

3

mandatory exhaustion requirement, the district court properly rejected [his] request for relief under the statute").

Absent evidence corroborating Mr. Gomez-Vega's contention that he submitted the proper documentation for exhaustion—such as, notice of receipt by the Warden at FCI Big Spring or a sworn time-stamped copy of his submission—the Court cannot conclude that he exhausted his administrative remedies. Without this, the Court may not consider the merits of Mr. Gomez-Vega's request for relief. *See id.* (explaining that once United States alleges petitioner's failure to exhaust, mandatory claim-processing rule bars Court from proceeding to merits). Accordingly, the Court shall deny the Motion without concluding whether Mr. Gomez-Vega proffers extraordinary and compelling reasons rendering him a viable candidate for compassionate release.

*III. Conclusion*

For the foregoing reasons, the Court concludes that Mr. Gomez-Vega's Motion is procedurally defective. IT IS THEREFORE ORDERED that Mr. Gomez-Vega's Motion (Doc. 51) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE